FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 0 5 2023

TAMMY H. DOWNS, CLERK
By:
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

SHERRY STEPHENS

PLAINTIFF

v.                          Case No. 4:23-cv- 817-BSM

RADIOLOGY CONSULTANTS OF LITTLE ROCK, PA                DEFENDANT

## ORIGINAL COMPLAINT

COMES NOW Sherry Stephens, by and through her attorney Stewart Whaley of WH LAW, for her Original Complaint against Radiology Consultants of Little Rock, PA, they do hereby state and allege as follows:

## I. PRELIMINARY STATEMENTS

1.      Plaintiff brings this action against the Defendant for violation under the Age Discrimination in Employment Act ("ADEA"), 29 U.S. Code § 623, the Americans with Disabilities Act of 1990 ("ADA"), and the Arkansas Civil Rights Act, Ark. Code Ann. § 16-123-101, et seq. ("ACRA") for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendant's discriminatory actions toward Plaintiff, resulting in her termination.

2.      Plaintiff received inequitable treatment and an adverse employment action as a result of her race, which is age, which is 61, and as a result of her status as a disabled person with a disability that substantially limited a major life activity.

3.      Upon information and belief, Defendant has willfully and intentionally committed violations of ADEA, ADA, and ACRA, as described, *infra*.

This case assigned to District Judge **Miller**
and to Magistrate Judge **Volpe**

## II. JURISDICTION AND VENUE

4.      The United States District Court for the  District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the ADEA and ADA.

5.      Plaintiff's claims under ACRA form part of the same case or controversy and arise out of the same facts as ADEA and ADA claims alleged in this Complaint.

6.      Therefore, this Court has supplemental jurisdiction over Plaintiff's ACRA claims pursuant to 28 U.S.C. § 1367(a).

7.      The acts complained of herein were committed and had their principal effect within the  of the  District of Arkansas. Accordingly, venue is proper within this District pursuant to 28 U.S.C. § 1391.

8.      Defendant does business in this District and a substantial part of the events alleged herein occurred in this District.

9.      The witnesses to ADEA, ADA, and ACRA violations alleged in this Complaint reside in this District.

## III. THE PARTIES

10.      Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

11.      Plaintiff is a resident and citizen of Pulaski County, Arkansas.

12.      Plaintiff Sherry Stephens was hired by Defendant in November 2012.

13.      She worked as an X-Ray Technologist.

14.      Plaintiff was terminated from her employment with Defendant on January 4, 2023.

15.    At all material times, Plaintiff has been entitled to the rights, protection, and benefits provided under ADEA, ADA, and ACRA.

16.    Defendant Radiology Consultants of Little Rock, PA is a corporation headquartered in Arkansas.

17.    Defendant Radiology Consultants of Little Rock, PA can be served through its agent for service, John G Baden, at 9601 Baptist Health Dr., Suite 1100, Little Rock, AR 72205.

18.    Defendant Radiology Consultants of Little Rock, PA is an "employer" within the meanings set forth in ADEA, ADA, and ACRA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

## IV.    FACTUAL ALLEGATIONS

19.    Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

20.    Plaintiff was hired by Defendant as an X-Ray Technologist on November 26, 2012.

21.    During her employment, Plaintiff was subject to disparate treatment as the result of her age, which is 61, and her status as a disabled person. The disparate treatment resulted in adverse employment actions and ultimately her termination on January 4, 2023.

22.    During her employment, Plaintiff disclosed to her employer that she had disabilities that affected her daily life and qualified as disabilities under the Americans with Disabilities Act of 1990, as amended.

23.    At time, Plaintiff took time off due to her medical conditions.

24.    Plaintiff was regularly harassed by younger coworkers regarding the time she took off, including multiple statements about Plaintiff's work ethic.

25.     Plaintiff reports these statements to Defendant's Human Resources department, however Defendant failed to take any actions to resolve Plaintiff's complaints.

26.     On January 4, 2023, Plaintiff was terminated.

27.     Defendant told Plaintiff she was being terminated because Plaintiff was occasionally a few minutes late for work and because Plaintiff had taken time off due to her medical conditions and a death in her immediate family.

28.     Defendant's reasons for terminating Plaintiff were pretextual.

29.     Plaintiff was actually terminated because of ongoing disability and age discrimination.

30.     Similarly situated younger coworkers were allowed to show up for work a few minutes late without being terminated.

31.     Similarly situated younger coworkers were allowed to take leave when they were sick or when they had emergent family situations.

32.     Similarly situated non-disabled coworkers were allowed to show up for work a few minutes late without being terminated.

33.     Similarly situated non-disabled coworkers were allowed to take leave when they were sick or when they had emergent family situations.

34.     As a result, Plaintiff was treated disparately from Defendant's younger employees and non-disabled employees.

35.     As a result of the ongoing discrimination Plaintiff experienced as a result of her age, which is 61, and her status as a disabled person, Plaintiff was terminated from her employment on January 4, 2023.

## V.    FIRST CLAIM FOR RELIEF –ADEA Claims

36.    Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

37.    Plaintiff filed a timely charge with the EEOC, received a right to sue letter, and thus exhausted her administrative remedies.

38.    Defendant engaged in unlawful employment practices at their facility in Little Rock, Arkansas, in violation of 42 U.S. Code §2000e-2.

39.    Specifically, and as detailed above, Plaintiff, who is 61, was terminated as a result of ongoing age discrimination.

40.    Defendant employs similarly situated younger employees who were not subject to the same treatment that Plaintiff experienced during her employment.

41.    As a result, Plaintiff was treated disparately from Defendant's younger employees.

42.    At all relevant times, Plaintiff could perform the essential function of the position for which she was hired.

43.    However, Plaintiff was terminated from her position within the relevant statutory period.

44.    The effect of the practices complained of above have been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her race.

45.    The unlawful employment practices complained of above were and are intentional.

46.    The unlawful employment practices complained of above were done with reckless indifference to the federally protected rights of Plaintiff.

47.    Pursuant to Age Discrimination in Employment Act, as amended, Plaintiff is entitled to, and she seeks, an additional amount as compensatory and punitive damages equal to the sum of her lost wages or salary, benefits and/or other compensation denied or lost to her by reason of Defendant's violations of ADEA, plus any interest she is entitled to for these causes, because Defendant's action were malicious and Defendant had no reasonable grounds for believing that its actions were not in violation of ADEA.

## VI.    SECOND CLAIM FOR RELIEF – ADA Claims

48.    Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

49.    Plaintiff filed a timely charge with the EEOC alleging violations of Title I and Title V of the ADA by Defendant.

50.    Plaintiff received a right to sue letter, and thus exhausted her administrative remedies.

51.    Defendant engaged in unlawful employment practices at their facility in Little Rock, Arkansas, in violation of the Americans with Disabilities Act of 1990.

52.    Specifically, and as detailed above, Plaintiff, who is disabled, was terminated as a result of disability discrimination.

53.    Defendant employs non-disabled employees who were not subject to the same treatment that Plaintiff experienced during her employment.

54.    As a result, Plaintiff was treated disparately from Defendant's non-disabled employees.

55.    At all relevant times, Plaintiff could perform the essential function of the position for which she was hired.

56.    However, Plaintiff was terminated from her position within the relevant statutory period.

57.    The effect of the practices complained of above have been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability.

58.    The unlawful employment practices complained of above were and are intentional.

59.    The unlawful employment practices complained of above were done with reckless indifference to the federally protected rights of Plaintiff.

60.    Pursuant to Americans with Disabilities Act of 1990, Plaintiff is entitled to, and she seeks, an additional amount as compensatory and punitive damages equal to the sum of her lost wages or salary, benefits and/or other compensation denied or lost to her by reason of Defendant's violations of ADA, plus any interest she is entitled to for these causes, because Defendant's action were malicious and Defendant had no reasonable grounds for believing that its actions were not in violation of ADA.

## VII.    THIRD CLAIM FOR RELIEF – ACRA Claims

61.    Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

62.    Plaintiff has timely filed a charge with the EEOC, received a right to sue letter, and has thus exhausted her administrative remedies.

63.     Defendant engaged in unlawful employment practices at their facility in Little Rock, Arkansas, in violation of Ark. Code Ann. §§ 16-123-101, *et seq.*

64.     Specifically, and as detailed above, Plaintiff, who is disabled, was terminated as a result of ongoing disability discrimination.

65.     Defendant employs non-disabled employees who were not subject to the same treatment that Plaintiff experienced during her employment.

66.     As a result, Plaintiff was treated disparately from Defendant's non-disabled employees.

67.     At all relevant times, Plaintiff could perform the essential function of the position for which she was hired.

68.     However, Plaintiff was terminated from her position within the relevant statutory period.

69.     The effect of the practices complained of above have been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability.

70.     The unlawful employment practices complained of above were and are intentional.

71.     The unlawful employment practices complained of above were done with reckless indifference to the federally protected rights of Plaintiff.

72.     Pursuant to Arkansas Civil Rights Act, as amended, Plaintiff is entitled to, and she seeks, an additional amount as compensatory and punitive damages equal to the sum of her lost wages or salary, benefits and/or other compensation denied or lost to her by reason of Defendant's violations of ACRA, plus any interest she is entitled to for these causes, because Defendant's

action were malicious and Defendant had no reasonable grounds for believing that its actions were not in violation of ACRA.

## VIII. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Sherry Stephens respectfully prays that Defendant be summoned to appear and to answer herein as follows:

(A)     A declaratory judgment that Defendant's practices violate Age Discrimination in Employment Act, 29 U.S.C. § 623 and the related regulations;

(B)     A declaratory judgment that Defendant's practices violate the Arkansas Civil Rights Act, Ark. Code Ann. § 16-123-101, *et seq.* and the related regulations;

(C)     A declaratory judgment that Defendant's practices violate Americans with Disability Act of 1990 and the related regulations;

(D)     Judgment for damages pursuant to Age Discrimination in Employment Act, 29 U.S.C. § 623, *et seq.* for all compensation, compensatory, and punitive damages owed to Plaintiff;

(E)     Judgment for damages pursuant to Arkansas Civil Rights Act, Ark. Code Ann. § 16-123-101, *et seq.*, for all compensation owed Plaintiff for back pay and associated interest and fees;

(F)     Judgment for damages pursuant to Americans with Disabilities Act of 1990, for all compensation, compensatory, and punitive damages owed to Plaintiff;

(G)     An order directing Defendant to pay compensatory and punitive damages to Plaintiff along with pre-judgment interest, reasonable attorney's fees, and all costs connected to this action;

(H)     Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**Sherry Stephens, PLAINTIFF**

wh Law
North Little Rock Office
501.888.4357

By:    Stewart Whaley (ABN: 2009084)
stewart@wh.law

Mailing Address:
1 Riverfront Place, Suite 745
North Little Rock, AR 72114